UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JASON EDWARD EDDINGTON,  :
    Plaintiff : 
: 
: CIVIL NO. 1:14-CV-01435
    vs. :
: (Judge Caldwell)
:
SGT. DET. JEFFREY SNELL, *et al.*, :
    Defendants. :

*M E M O R A N D U M*

*I.    Introduction*

*Pro se* Plaintiff Jason Edward Eddington filed this civil rights action on July 25, 2014, against West Manchester Township police officers Jeffrey Snell, David Bixler, and Keith Roehm.[1] Plaintiff claims that Defendants violated his federal and state constitutional rights by arresting and prosecuting him for misrepresenting contractor identifying information, deceptive business practices, and conspiracy to commit theft by deception.  Specifically, Plaintiff alleges that his vehicle was illegally searched, that he was arrested without probable cause, and that the manner in which he was prosecuted violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights.  Plaintiff also claims that his Pennsylvania state constitutional rights were violated, and that Defendants are liable for defamation.  Plaintiff seeks damages and injunctive relief in the form of release.

---

1. The West Manchester Township Police Department was initially named as a defendant but was dismissed per our order dated August 28, 2014.  (Doc. 14).

Presently, we are considering Defendants' motion to dismiss. (Doc. 23). For the following reasons, we will grant the motion.

*II.      Background*

The following facts are derived from Plaintiff's amended complaint and are taken as true, as they must be when considering a motion to dismiss. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).[2]

On July 25, 2012, a York County citizen contacted the West Manchester Township Police Department and reported she had been the victim of a tree-trimming scam. (Doc. 24-1 at 1). Defendant Jeffrey Snell investigated this matter. (<u>Id.</u>). The victim alleged that, despite her refusal, three men trimmed the trees on her property. (<u>Id.</u> at 2). The men gave her an invoice for $5,500 but stated that they would take $5,000 in cash. (<u>Id.</u>). The victim claimed that one of the men drove her to the Sovereign Bank to withdraw the money. (<u>Id.</u>). Upon investigation, Defendant Snell estimated that approximately $200 worth of work was performed. (<u>Id.</u>).

---

2. In addition to the complaint, we may consider the following documents when ruling on a motion to dismiss: (1) matters attached to the complaint; (2) matters incorporated into the pleadings by reference; (3) matters of public record; (4) matters integral to or upon which plaintiff's claim is based. <u>In re Bayside Prison Litigation</u>, 190 F. Supp. 2d 755, 760 (D.N.J. 2002) (internal citations omitted). We may also consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." <u>Pension Benefit Guar. Corp. V. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). In this case, because Plaintiff relies heavily upon documents from his criminal case to articulate his claims, Defendants have attached the following for our consideration: the affidavit of probable cause (Doc. 24-1); the docket sheet (Doc. 24-2); Plaintiff's suppression motion (Doc. 24-3); and the court's memorandum denying the suppression motion (Doc. 24-4).

Defendant Snell visited the bank and confirmed that the money had been withdrawn. (Doc. 24-1 at 2). Shortly after leaving the bank, Defendant Snell was contacted by the bank's assistant manager and informed that another elderly citizen was complaining about being scammed, and that the alleged scam-artist was still at the bank. (Id.). Defendant Snell, accompanied by other officers, returned to the bank and detained Plaintiff. (Id. at 3). While Plaintiff was sitting in a police vehicle, the officers conducted a warrantless search of Plaintiff's pickup truck, which was parked outside the bank. (Doc. 12, ¶ 9). Plaintiff's medical supplies, medications, wallet, cash, identification card, and sneakers were seized. (Id., ¶ 12). The truck was towed to the West Manchester Township Police station. (Id.).

Plaintiff was taken to the police station where he was interrogated. (Doc. 12, ¶ 11). After approximately 30 minutes of questioning, Plaintiff asked if he should retain an attorney. (Id.). Defendant Snell then told Plaintiff he was under arrest and read him his *Miranda* rights. (Id.).

At some point that same evening, Defendant Snell applied for and obtained a warrant to search Plaintiff's truck. (Id., ¶¶ 12-13). Plaintiff tested the sufficiency of this warrant by filing a suppression motion. (Doc. 24-3). The motion was denied. (Doc. 24-4). Prior to trial, Defendants released Plaintiff's picture and articles about the case to local newspapers and news stations. (Doc. 12, ¶ 16). On September 5, 2014, Plaintiff was convicted of misrepresenting/concealing contractor identifying information, deceptive business practices, and conspiracy to commit theft by deception. (Doc. 24-2 at 20).

Presently, Plaintiff is awaiting the results of an appeal. (See Comm. of PA v. Eddington, 2065 MDA 2014 (Pa. Super. Ct.). None of the items seized from Plaintiff during the criminal investigation have been returned. (Doc. 12, ¶ 15).

*III.*     *Discussion*

   *A. Standard of Review*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, and a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210.  First, we separate the factual elements from the legal elements and disregard the legal conclusions.  Id. at 210-11.  Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at  211 (quoted case omitted).

### B.  Statute of Limitations

Defendants' first argument in support of dismissal is that Plaintiff's suit is barred by the statute of limitations.  (Doc. 24 at 12).  This argument fails.  Section 1983 actions are subject to state statutes of limitations governing personal injury actions. Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. Pa. 2003).  The Pennsylvania statute of limitations for personal injury actions is two years.  42 Pa. Cons. Stat. Ann. § 5524(7) (West Supp. 2003).  Plaintiff's initial complaint was filed exactly two years after the date of the alleged injury, on July 25, 2014.  (Doc. 1).  Because Plaintiff was proceeding *in forma pauperis*, we screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it on the grounds that it failed to contain any factual allegations supporting a constitutional claim.  (Doc. 8).  We gave Plaintiff twenty-one days to file an amended complaint.  Plaintiff filed his amended complaint on August 15, 2014, (Doc. 12), and Defendants argue that this amended complaint falls outside of the limitations period.

"[W]hen a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for

reinstatement within a specified time period, the statute of limitations is tolled provided that the plaintiff meets those conditions." Brennan v. Kulick, 407 F.3d 603, 607 (3d Cir. 2005) (citing Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002)).  Because Plaintiff filed his initial complaint within the statute of limitations, and we dismissed his complaint with permission to amend, the statute of limitations was tolled.  Therefore, his amended complaint is timely.

*C. Fourth Amendment Claims*

Defendants argue that Plaintiff's Fourth Amendment unlawful search claims should be dismissed under the doctrine of collateral estoppel.  We agree.  "The doctrine of collateral estoppel generally precludes a party from re-litigating issues or claims that have already been adjudicated." Ingram v. Lupas, 353 F. App'x 674, 676 (3d Cir. 2009). Under Pennsylvania law, collateral estoppel applies where the following four elements are met:

> (1) An issue decided in a prior action is identical to one presented in a later action; (2) The prior action resulted in a final judgment on the merits; (3) The party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

Jones v. UPS, 214 F.3d 402, 405 (3d Cir. 2000).  The Third Circuit has held that "defendants in a § 1983 suit can raise the issue of collateral estoppel when the plaintiff attempts to re-litigate in federal court issues decided against him in state criminal proceedings." Ingram, 353 F. App'x at 676.

6

All of the elements of collateral estoppel are met in this instance. The issues Plaintiff raises in his amended complaint regarding the alleged unlawful search of his vehicle are identical to those raised in Plaintiff's suppression motion. (See Doc. 24-3). The result of this suppression motion was a final judgment on the merits; the motion was denied by the state court on July 19, 2013. (Doc. 24-4). See Ingram, 353 F. App'x at 677 (the denial of a suppression motion followed by a conviction is a final judgment for the purposes of collateral estoppel). It is indisputable that Plaintiff was a party to the prior action; and, considering that the court held a hearing and issued an opinion on the motion, it is clear that Plaintiff had a full and fair opportunity to litigate the issues. Accordingly, Plaintiff is collaterally estopped from asserting a Fourth Amendment claim based on the alleged unlawful search of his vehicle, and this claim will be dismissed with prejudice.

*D. Fourth Amendment False Arrest/False Imprisonment Claims*

Next, Defendants argue that Plaintiff's Fourth Amendment false arrest/false imprisonment claims should be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

7

Heck, 512 U.S. at 48687.  Because Plaintiff's underlying criminal convictions have not yet been overturned, his claims for false arrest and false imprisonment must fail. Accordingly, these claims will be dismissed.  If Plaintiff is successful in overturning his conviction, he may file another action raising these claims.

*E.  Fourteenth Amendment Claims*

We agree with Defendants that Plaintiff has failed to plead any facts supporting a Fourteenth Amendment procedural due process claim.  If Plaintiff believes that Defendants wrongfully retained his personal property at the conclusion of his criminal case, the proper course of action would be a motion for return of property pursuant to Pennsylvania Rule of Criminal Procedure 588.  See Lowy v. Hanna, No. 95-1164, 1996 U.S. Dist. LEXIS 177, at *2 (E.D. Pa. Jan. 11, 1996) (explaining that "a Section 1983 action is not the proper vehicle" to resolve a dispute over the return of a criminal defendant's personal property).  This claim will be dismissed with prejudice.

*F.  Miranda and Speedy Trial Claims*

Plaintiff attempts to raise a constitutional claim based upon Defendants' alleged failure to provide him with *Miranda* warnings.  Because "violations of the prophylactic *Miranda* procedures do not amount to violations of the constitution itself[]," this claim will be dismissed with prejudice.  Guiffre v. Bissell, 31 F.3d 1241, 1256 (3d Cir. 1994); see also Renda v. King, 347 F.3d 550, 557-59 (3d Cir. 2003).

Plaintiff also complains that he was denied a speedy trial, but fails to plead any facts that support this claim.  The sole mention of this claim is found in paragraph 19

of the amended complaint, which states: "Plaintiff's Right To Due Process, Leaving Him Falsely Imprisoned For Over Two Years, Violating His Right To A Speedy Trial As Guaranteed In The Sixth Amendment Of The United States Constitution By Way Of A Malicious Prosecution." (Doc. 12 at 11). Moreover, police officers are not proper defendants in a Section 1983 action asserting a speedy trial violation. See Posey v. Swissvale Borough, No. 12-cv-955, 2013 U.S. Dist. LEXIS 34415, at *38 (W.D. Pa. Mar. 13, 2013) ("This Court is not aware of any case holding a police officer serving as a witness (or even as a prosecuting officer) can be a proper defendant in a § 1983 case asserting a speedy trial violation."). Finally, a speedy trial claim is barred by *Heck*. *Frantz v. Kingston Police Dept.*, No. 15-CV-402, 2015 WL 1951582, at *3 (M.D. Pa. April 28, 2015). Therefore, this claim will be dismissed.

> *G. State Law Claims*

Plaintiff claims that Defendants violated Article 1, sections 8 and 9 of the Pennsylvania Constitution and seeks damages and injunctive relief. While the Pennsylvania Supreme Court has not yet ruled on the issue of whether the state constitution provides a private right of action for damages, lower Pennsylvania courts and federal district courts have held that no such right exists. See, e.g., Jones v. City of Phila., 890 A.2d 1188, 1215-16 (Pa. Commw. Ct. 2006); see also Luck v. Mount Airy No. 1, LLC, 901 F. Supp. 2d 547, 559 (M.D. Pa. 2012) (Munley, J.). Other remedies, such as declaratory or injunctive relief, are available under the Pennsylvania Constitution. See Jones, 890 A.2d at 1216. However, since Plaintiff has no federal claims left, pursuant to

28 U.S.C. § 1367(c)(3), we will decline to exercise supplemental jurisdiction over these claims.  See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009).  On the same reasoning, we will also dismiss the state law claims for slander and defamation.

        H.  *The Habeas Claim*

Plaintiff has requested that we order his release from prison.  Plaintiff must assert that claim in a habeas petition, not in a § 1983 complaint.  See Keeling v. AG for the Commonwealth of Pa., 575 F. App'x 16, 18 (3d Cir. 2014) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).

*IV.*      *Conclusion*

For the reasons above, Defendants' motion to dismiss will be granted. Leave to amend the claims dismissed with prejudice is denied as futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002) (allowing courts to deny leave to amend if such an amendment would be futile).  We will issue an appropriate order.

                          /s/William W. Caldwell
                          William W. Caldwell
                          United States District Judge

Date: May 19, 2015